## Greater Delaware Valley Savings and Loan Association v. Diehl

*Thomas J. Feerich,* for plaintiff.
*Homer L. Lippard,* for defendant.

DIGGINS, *S.J.* July 1, 1982—The matter now before the court involves an attempt by the plaintiff to foreclose on a six percent mortgage obtained from Lansdowne Federal Savings and Loan Association by defendants in December, 1963. A $34,000 loan was secured by a mortgage on premises 1523 South Tenth Street, Philadelphia and 167 Owens Avenue, Lansdowne, Delaware County, Pa. In January, 1981, defendants failed to make the required $1,062 installment payment and in February plaintiff sent a notice of intention to foreclose on the mortgage. The principal debt was reduced to $19,235.40 as of December 1, 1980.

In September, 1981, judgment was entered in favor of plaintiff and against defendants for failure to file an answer to the complaint in the foreclosure

action. Damages were assessed at $21,320.81. The Philadelphia property was sold in December, 1981 and the proceeds of the sale in the form of $12,453.81 in cash at settlement and $1,510 in escrow, were turned over to plaintiff, according to whom defendants were approximately $6,500 in arrears.

The provisions of Act VI (41 Pa.C.S.A. §101), allow the residential mortgage holder to cure his default, prevent sale of the real estate and avoid acceleration by tendering the amount due at the time of payment, any time prior to one hour before the commencement of bidding at the sheriff's sale. Since plaintiff does not claim that the proceeds from the sale of the Philadelphia property are insufficient to cure the default, under Act VI, such proceeds would act to re-instate the mortgage.

The issue before this court is whether this mortgage falls under the authority of Act VI. Plaintiff contends that this is not a residential mortgage because the property contains three dwelling units and in support of this allegation has produced tax bills which indicate that the property has three units. However, an examination of the bills indicates that although three units are mentioned, a garage is also included. It is not clear whether the three units are in the dwelling or whether one unit is over the garage. Defendants contend that the dwelling contains only two units, one occupied by them and the other available for rental.

In addition, while plaintiff avers that the mortgage is not covered by the authority of Act VI, nevertheless, it forwarded an Act VI Notice of Default, pursuant to 41 Pa.C.S.A. §403. Accordingly, defendants contend that plaintiff should now be estopped from denying this is a residential mortgage.

We note that 41 Pa.C.S.A. §101, defines a "Residential Mortgage" as an obligation to pay $50,000 or less, evidenced by a security document and secured by a lien upon real property located within this Commonwealth containing two or fewer residential units. Unfortunately the term "Residential Unit" is not defined in the act. This court is of the opinion that the term would indicate a place fit and intended for human habitation.

This is not to say that the owner of a three unit apartment building could allow one unit to become uninhabitable and then claim protection of Act VI. However, this definition would include a duplex with a garage, above which are additional living quarters. Were this not so, many of the older homes which have been converted into two apartment units and which have further converted the loft above the garage into another unit, would be considered commercial properties. It must be the intent of the parties which controls. This intent is portrayed by the individuals' actions.

Defendants' intent, as indicated by their action is that the property is residential. It is their contention that there are only two dwelling units in the building and that if a tenant were presented, they would rent the second unit. Equally clear is the action of the plaintiff portrayed by the Act VI Notice. If, indeed, plaintiff did not consider this to be a residential mortgage, there would be no necessity for the Act VI Notice. Plaintiff next alleges that there is no proof that defendants ever read the Act VI Notice. Act VI contains no requirement that the notice must be read. Plaintiff further incorporated the Act VI Notice into their complaint. Plaintiff cites Fedas v. Ins. Co. of State of Penna., 300 Pa. 555, 151 A. 285 (1930) for the principle that estoppel exists where one party causes another to believe in the

existence of facts and thereafter wishes to assert, prejudicially, facts in opposition to those first held out to be true. If we apply this principle to our case, we find that plaintiff indeed allowed defendants to believe that the mortgage was covered by Act VI, further they fostered this belief by incorporating the Act VI Notice into their complaint and now they wish to assert that Act VI does not apply. We can envision no clearer example of facts where estoppel would apply.

The court perceives that having foreclosed plaintiff now wants to repudiate Act VI in order to re-invest at a higher interest rate which is against the theory and purpose of the act.

For the above reasons, we enter the following

## ORDER

And now, June 29, 1982, after hearing testimony and reviewing briefs of respective counsel in the above matter, the following is ordered and decreed:

1. Plaintiff is hereby estopped from denying the mortgage involved is a residential mortgage.

2. The Sheriff's sale scheduled in this matter is hereby discontinued.

3. The mortgage default in this matter is hereby cured.